CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11CR00044 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| TRAVIS LEON DAVIDSON | ) |
| | ) By: Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Defendant Travis Leon Davidson has filed several pro se letters and motions in this closed criminal action, asking for amendment or correction of the judgment in various respects (ECF Nos. 77, 78, 79, 81, and 82). After review of the record, the court concludes that Davidson's motions for amendment or correction of the judgment must be denied.

In his motions, Davidson asserts the following grounds for amending the judgment in this case: (a) Davidson's federal criminal sentences from two jurisdictions should be changed to begin on the same date and to run concurrently with each other, because the criminal offense conduct in the two cases was related;[1] (b) Davidson was entitled to a downward departure in his sentence based on his mental health issues; (c) Davidson's sentence should be shorter, because

---

[1] Davidson makes a conclusory statement that the court did not grant him credit against his sentence in this case for jail time he served before trial and sentencing. Bureau of Prisons (BOP) officials, not the court, are authorized by law to calculate sentence credit for jail time served by federal prisoners. Because Davidson received credit against his federal sentence from South Carolina for jail time he served during trial proceedings for this case, it is unlikely that he could also receive credit against the sentence in this case for any of that jail time.

In the event that Davidson nevertheless wishes to challenge the calculation of the amount of jail credit he has received, he is advised that he must first raise such claims through the appropriate BOP administrative remedies procedure. After he has exhausted his available remedies through the BOP, if he still believes his jail credit has been incorrectly calculated, he may pursue a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed in the United States District Court in the jurisdiction where he is then incarcerated.

the government lied about substantial assistance Davidson offered toward the prosecution of Lakeavius Jermal Kirkland;[2] (d) the court should have imposed a lighter sentence of imprisonment or an alternative sentence, based on mitigation evidence;[3] (e) Davidson received erroneous advice from counsel regarding the plea agreement and felt rushed into accepting the agreement; (f) Davidson never received all the government's evidence against him, other than discovery materials; and (g) Davidson's sentence is disproportionate when compared with sentences imposed on codefendants and is disproportionate to his nonviolent criminal history. Davidson asserts that, based on these factors, the court should enter an amended judgment to run his federal criminal sentences from Virginia concurrent to his previously imposed federal sentence from South Carolina, with both sentences to begin on the same date and with the provision that Davidson serve part or all of his sentence at a treatment center or halfway house.

Except in limited circumstances not present here, the court may not modify a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35. For example, only the government is authorized to move for reduction of sentence based on the defendant's substantial assistance. See Fed. R. Crim. P. 35(b). The court sentenced Davidson on March 28, 2012 to a total sentence of 85 months in prison, with that sentence "to run

---

[2] Davidson asserts that he consented for agents to obtain from his personal property stored at the Federal Correctional Institution ("FCI") in Williamsburg, South Carolina, certain items Davidson received in the mail from Kirkland that supported the government's case against Kirkland.

[3] Davidson alleges that to survive in prison, he must have sex with other inmates, which only complicates his ability to deal with his existing mental health issues and childhood sexual abuse. Davidson is advised that if he believes prison officials are not adequately protecting him from known risks of harm by other inmates, in violation of his constitutional rights, Davidson may pursue a civil rights action under 42 U.S.C. § 1983 (against state or local jail officials) or under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (against federal prison officials). However, Davidson should not interpret any part of this order as an indication that he has any meritorious claims for relief under § 1983 or Bivens.

2

concurrently with the sentence of imprisonment defendant [was already] serving for the United States District Court, District of South Carolina at Columbia, Criminal Action 3:08-885(001JFA)." Judgment, March 29, 2012, at p. 2. In his current motions, Davidson does not present any legal authority under which the court is authorized at this time to amend the March 29, 2012 judgment. Therefore, Davidson's motions to amend or correct judgment must be denied. An appropriate order will issue this day.

Some of Davidson's allegations in these motions might give rise to claims actionable in a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, such as claims of ineffective assistance of counsel regarding the guilty plea or sentencing matters. Generally, a defendant who does not pursue a direct appeal has one year and fourteen days from the entry of the judgment to file a a § 2255 motion. See § 2255(f)(1). If Davidson desires to pursue a § 2255 motion, he may write to the clerk's office for a form to assist him in setting out his claims in an organized fashion, with facts offered in support of each claim. Davidson should not, however, interpret any part of this opinion and order as an indication that his current allegations, if presented in a § 2255 motion, would warrant relief.

The clerk will send a copy of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

  **ENTER:**  This 17th day of May, 2012.

                 /s/ Glen Conrad
                 Chief United States District Judge